[Civ. No. 22125.   Second Dist., Div. One.   July 16, 1957.]

EDDIE EDITH SARDISCO, Respondent, v. MORLEY MAURICE KIEK et al., Appellants.

Spray, Gould & Bowers for Appellants.

Julius Feldman, Demler & Eckert, Edison J. Demler and Charles E. Samuel for Respondent.

DORAN, J.—The complaint seeks damages for personal injuries sustained when Mrs. Sardisco was struck by a heavy cardboard carton which the defendants were in the process of unloading at the premises of plaintiff's employer. It is

alleged that the heavy carton struck plaintiff's right leg while the carton was being pushed down three steps from an alley to the rear door of Norman's Men's Shop in San Pedro. A jury returned a verdict for the defendants and judgment was accordingly entered. Plaintiff thereafter moved for a new trial on several different grounds, which motion was granted "on the ground that an erroneous instruction was given at the request of the defendant."

The record discloses that plaintiff had worked at this establishment between five and six weeks prior to the accident; that when injured, plaintiff was holding the door open for the defendant's delivery man, and was talking to and looking at the employer and away from the delivery man. Plaintiff did not see the box coming, was given no warning of danger, and had never before received a delivery from this delivery man.

At the trial, at defendants' request, instructions had been given telling the jury that "The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent." Instructions were also given to the effect that "The law presumes that a person possessing normal faculties . . . must have seen and heard that which was within the range of his or her sight and hearing," etc.

Likewise, at defendants' request, the trial court instructed that "One who places himself in the way of an obvious and well understood peril is guilty of contributory negligence which bars recovery of damages for injuries, resulting therefrom." So, also, instructions were given on the subject of assumption of risk to the effect that recovery would be barred where the plaintiff had "actual knowledge of the danger," and "freedom of choice" which must come from "circumstances that provide him with a reasonable opportunity . . . to safely refuse to expose himself to the danger in question."

As stated in the recent case of *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432] (Jan. 25, 1957), "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial court that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. . . . On appeal all presumptions are in favor of the order granting a new trial . . . (Citations), and the order will be affirmed if it may be sustained on any ground. . . . Although

the reviewing court might have ruled differently in the first instance.''

■ In the light of these settled rules and the state of the record in the instant case, the order granting plaintiff a new trial must be affirmed. Certainly no abuse of discretion has been pointed out. The trial court, having heard the witnesses and having considered all the various aspects of the trial, may well have considered that, under the evidence presented, the several instructions complained of or some one of them, may have unduly influenced the jury in arriving at a verdict in favor of the defendants. If this be so, then the plaintiff is entitled to a new trial under proper instructions which will leave the jury free to weigh the evidence relating to defendants' alleged negligence and any contributory negligence on the part of the plaintiff.

The order granting a new trial is affirmed.

White, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1957.